UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael A. Singleton, # 344630, | ) C/A No. 8:11-1198-HFF-JDA |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| The United States;<br>N.J. Federal District;<br>10 unidentified U.S. Marshals;<br>Bernard Mackey;<br>Al Cannon, Jr.;<br>Clayton C. Mood;<br>Kelly Kassis Solars, and<br>Robert Phipps O'Neil, Jr., | ) |
| Defendants. | ) |

This is a civil action filed *pro se* by a state prison inmate.[1] Plaintiff is currently confined at the Evans Correctional Institution in Bennettsville, South Carolina. In the operative Amended Complaint submitted in this case (ECF No. 25),[2] Plaintiff complains that his civil rights have been

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

[2] Shortly after filing his Amended Complaint, Plaintiff filed a Motion to Dismiss this case. Given the less-than-absolute language requesting dismissal contained in that Motion, Plaintiff was granted ten days in which to inform the Court in definite terms that he wished to dismiss this case. His Reply (ECF No. 26) does not contain the type of unconditional language that would be required for this Court to grant a voluntary dismissal. (ECF No. 28). Thus, the initial review of the Amended Complaint proceeded in the usual course.

and are being deprived by the United States government, one of its courts, and some of its law enforcement officers; by South Carolina Department of Corrections (SCDC) and Charleston County Detention Center officials and a South Carolina parole officer; and, finally, by his own attorneys in connection with what appears to be a previous incarcerative period from 10/16/01-1/16/03, and, more recently, in connection with a seizure of Plaintiff's person on July 14, 2010 and subsequent prosecution and conviction on the probation-violation charges on which he is currently incarcerated.

According to Plaintiff, the United States Defendants, the parole officer, and the two attorneys all violated his federal constitutional rights by allowing him to be seized and prosecuted on probation-violation charges based on a prior 2003 conviction that was never overturned, but that, according to Plaintiff, should have been. He faults these Defendants for their involvement in his arrest/pick up on the violation charges and on their participation in the prosecution of the charges against him. He claims that his inability to overturn the prior conviction, coupled with his prosecution on the probation-violation charges and current incarceration thereon, have resulted in a "miscarriage of justice" entitling him to recover compensatory and punitive damages from the entities and persons who failed to protect him. Plaintiff's claims are being considered under this Court's federal question jurisdiction and pursuant to 42 U.S.C. § 1983[3] and the Bivens Doctrine.[4]

---

[3] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417 (6th Cir. 1996)(emphasis added).

[4] *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *Harlow v. Fitzgerald*, 457 U.S. 800, 814-20 (1982). Case law involving
(continued...)

2

With regard to Defendant Cannon, the director of the Charleston County Detention Center (CCDC), where Plaintiff was detained during 2001-2003 and at some point in 2010 prior to his admission to SCDC, Plaintiff claims that he violated Plaintiff's rights by not having an appropriate law library and sufficient legal assistance for CCDC's pretrial detainees. He does not allege any kind of specific injury that he suffered because of the alleged inadequate law library during his stay there in 2010.[5] Regarding Warden Mackey (the correct spelling of his last name is "McKie") of SCDC's Kirkland R & E Center, Plaintiff claims that he violated Plaintiff's rights against cruel and unusual punishment by keeping him in the hospital for six days and five nights for "unexplained" reasons. He seeks damages from these Defendants as well.

## Pro Se Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*,

---

[4](...continued)
§ 1983 claims is applicable in *Bivens* actions and *vice versa*. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *see also Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985).

[5] Any claim for injury that occurred during his 2001-2003 period of incarceration is barred by the three-year statute of limitations applicable to § 1983 actions. In civil rights cases filed in the District of South Carolina, this Court must apply South Carolina's general personal injury statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 265-280 (1985)(in § 1983 actions, federal courts should apply a state's general statute of limitations for personal injuries). South Carolina's applicable personal injury statute of limitations is codified at section 15-3-530, South Carolina Code of Laws, which establishes a three-year limitations period for causes of action arising on or after April 5, 1988.

*Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B) because Plaintiff's claims are frivolous.

## Analysis

Initially, Plaintiff's Complaint is subject to summary dismissal as to Defendants United States, N.J. Federal District, ten unidentified U.S. Marshals, Mood, Solars, and O'Neil based on the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). With respect to actions filed pursuant to 42 U.S.C. § 1983 such as the present one alleging constitutional violations and/or other improprieties in connection with state criminal charges, the Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or

4

> called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87. By the above statements, the United States Supreme Court ruled that until a criminal conviction is set aside by way of appeal, PCR, habeas, or otherwise, any civil rights action based on the conviction and related matters will be barred.

As stated above, Plaintiff claims that the 2003 conviction on which his current probation-violation conviction is based should have been overturned and has now resulted in a "miscarriage of justice" since it was used as the basis for his current incarceration. Plaintiff pursued several unsuccessful habeas corpus petitions regarding his 2003 conviction. In Civil Action Nos. 8:02-3048; 8:02-3916; 8:02-4057, he unsuccessfully pursued pre-trial petitions under 28 U.S.C. § 2241. He also pursued several unsuccessful § 1983 claims in which he asserted claims of unconstitutional confinement and in which he was informed by this Court of the case of *Heck v. Humphrey*, 512 U.S. 477 (1994) and its negative effect on such claims. Civil Action Nos. 8:02-1614; 8:02-2116; 8:02-2612; 8:02-3109; 8:03-7; 8:03-8. His initial § 2254 petition addressing the 2003 conviction was not submitted to this Court until *after* he was picked up on the probation-violation charges in 2010. It is currently pending. Civil Action No. 2:11-1034. Thus, that conviction remains valid and any claims of unconstitutionality with regard to its prosecution against any Defendant are barred by *Heck*. Moreover, Plaintiff's allegations of wrongdoing by Defendants in connection with his arrest/pick-up on and prosecution of the 2010 probation-violation charges are also *Heck*-barred because it is

obvious that Plaintiff's conviction on the charges has not been overturned since he is still incarcerated on that conviction. Since Plaintiff has not been successful in having his 2010 conviction set aside by way of appeal, PCR, habeas corpus, or otherwise, and because Plaintiff's allegations, if true, would necessarily invalidate his conviction, he cannot sue any of the Defendants based on their involvement in his prosecution and ultimate conviction. As a result, this case is subject to summary dismissal as to all United States Defendants, Defendant Mood, Defendant Solars, and Defendant O'Neil without issuance of process.

Additionally, Plaintiff's claims against Defendant Cannon about the adequacy of the CCDC law library are frivolous and subject to summary dismissal. The only substantive allegations against this Defendant in the Amended Complaint are that the CCDC law library was inadequate in 2001-2003 and that when Plaintiff returned in 2010, it was still inadequate. These allegations do not raise a cognizable § 1983 claim against Defendant Cannon because there are no allegations of any specific injury Plaintiff suffered because of inadequate access to legal materials while in pre-trial detention. *See Lewis v. Casey*, 518 U.S. 343 (1996)(plaintiff must allege actual injury resulting from allegedly inadequate jail library in order to state a claim under § 1983); *Michau v. Charleston County, S.C.*, 434 F. 3d 725 (4th Cir. 2006)(in access to court claim, inmate must allege and show that he has suffered an actual injury or specific harm to his litigation efforts as a result of the defendant's actions); *Magee v. Waters*, 810 F. 2d 451 (4th Cir. 1987) (actual injury required of city jail inmate who received books after delay and was allowed one hour of library time a week). Without any arguable allegation to the effect that he personally suffered actual injury (such as dismissal of a lawsuit or entry of sanctions) because of his restricted access to the law library in

2010, *see supra* note 5 (claims based on 2001-2003 conditions would be barred by the statute of limitations), Plaintiff's claim against Defendant Cannon is frivolous.

Finally, Plaintiff's claim that Warden Mackey (McKie) violated his right against cruel and unusual punishment by keeping him in the hospital for five days is frivolous and also subject to summary dismissal. Although both state and federal prisoners retain many constitutional rights, it has been recognized that incarceration inherently limits certain constitutional rights of prisoners. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). The United States Supreme Court has held that prison officials have a duty under the Eighth Amendment to provide humane conditions of confinement: they must ensure adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee the safety of inmates. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In order to state a viable conditions-of-confinement claim an inmate must show that: (1) the conditions were objectively serious enough to pose a substantial risk of serious harm; and (2) that the prison official's state of mind was one of "deliberate indifference." *Farmer*, 511 U.S. at 834. These elements have also been described as the "objective component" and the "subjective component." *Wilson v. Seiter*, 501 U.S. 294 (1991). The objective component examines the gravity of the alleged deprivation. *See Hudson v. McMillian*, 503 U.S. 1 (1992). The subjective component is the state of mind of the prison official(s) alleged to have violated a plaintiff's rights.

Decisions of the United States Court of Appeals for the Fourth Circuit provide more detailed guidelines for the analysis of Plaintiff's claims. The objective conditions must rise to the level of a deprivation of a basic human need such as food, warmth, or exercise. *See Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991). In *Strickler v. Waters*, 989 F.2d 1375 (4th Cir.1993), the court said

7

that an inmate complaining about prison conditions must show that the challenged conditions resulted in a serious deprivation of a basic human need which, in turn, resulted in serious or significant harm.  While these conditions standing alone may not constitute cruel and unusual punishment, they may constitute an Eighth Amendment violation if considered in aggregate, *see McElveen v. County of Prince William*, 725 F.2d 954 (4th Cir.1984). The United States Supreme Court has cautioned, however, that to be considered in aggregate, conditions must have mutually enforcing effects that produce deprivation of a single, identifiable need such as food, warmth, or exercise.  *See Wilson v. Seiter*.  Furthermore, the Prison Litigation Reform Act (PLRA) of 1996 placed an important limitation upon all actions arising from prison conditions, requiring proof of "physical injury" arising from the allegedly unconstitutional condition.  Under 42 U.S.C. § 1997e(e) no recovery of *monetary damages* is allowed for emotional stress:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

Keeping the above principles in mind, Plaintiff's allegations about his conditions of confinement while he was at Kirkland R & E are too conclusory and general to be anything other than frivolous.  Although Plaintiff states that Mackey's (McKie's) "violations to basic human needs of R & E prisoners subjected me to cruel and unusual punishments . . . ," the only specific instance Plaintiff references is a five-day hospitalization.  He does not say what happened during that hospitalization, nor does he say that Defendant Mackey (McKie) personally ordered the hospitalization or that anything untoward occurred during the hospitalization. *See Kentucky v. Graham*, 473 U.S. 159 (1985) (to assert a viable § 1983 claim against a particular public official, a "causal connection" or "affirmative link" must exist between the conduct of which the plaintiff

8

complains and the official sued). His allegations are simply too conclusory to be actionable. As the United States Court of Appeals for the First Circuit has observed: "Complaints based on civil rights statutes must do more than state simple conclusions; they must at least outline the facts constituting the alleged violation." *Pavilonis v. King*, 626 F. 2d 1075, 1078 (1st Cir. 1980).

None of Plaintiff's allegations show that he was subjected to any type of serious or substantial harm from the condition (hospitalization) that he contends violated his constitutional rights. He does not provide any supporting facts showing the nature and extent of the alleged negative effects and such conclusory allegations are insufficient to show the requisite injury for any viable Eighth Amendment claim. To the extent Plaintiff's allegations can be construed to assert a living conditions claim under the Eighth Amendment, the claim is without merit. While being kept in the hospital for several days without being given specific information about his condition may have been inconvenient or uncomfortable, there is no indication that the hospital confinement resulted in a serious or significant injury. *See Strickler*, 989 F.2d at 1380-81.

## **Recommendation**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *with prejudice* because they are frivolous. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Since the Complaint filed in this case is substantially frivolous, 28 U.S.C. § 1915A(b)(1) is applicable in this case. Hence, I also recommend that this case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g). *See McLean v. United States*, 566 F.3d 391 (4th Cir. 2009).

Plaintiff's attention is directed to the important notice on the next page.

<u>s/Jacquelyn D. Austin</u>

Jacquelyn D. Austin
United States Magistrate Judge

July 19, 2011
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **300 E. Washington Street, Rm. 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).