IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Michael A. Singleton, | ) | |
|         Plaintiff, | ) | |
| v. | ) | C/A No. 8:11-1198-TMC |
| The United States; | ) | **OPINION & ORDER** |
| N.J. Federal District; | ) | |
| 10 Unidentified U.S. Marshals; | ) | |
| Warden Bernard Mackey, | ) | |
| Sheriff Al Cannon; Probation | ) | |
| Agent Clayton C. Mood; | ) | |
| Kelly Kasis Solars; and | ) | |
| Robert Phipps O'Neil, | ) | |
|         Defendants. | ) | |

Plaintiff, an inmate proceeding *pro se*, seeks relief pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., all pre-trial proceedings were referred to a Magistrate Judge. On October 17, 2011, Magistrate Judge Jacquelyn D. Austin issued a Report and Recommendation ("Report") recommending the Amended Complaint be dismissed and the case be deemed a strike under 28 U.S.C. § 19159(g). (Dkt. # 32). The Magistrate Judge provided Plaintiff a notice advising him of his right to file objections to the Report. (Dkt. # 32 at 11). Plaintiff filed objections to the Magistrate Judge's Report on July 29, 2011, and August 2, 2011. (Dkt. # 34 and 36). On August 31, 2011, Plaintiff also has filed a Motion to Appoint Counsel. (Dkt. # 37).

The court is charged with making a de novo determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in

whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* The district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir.1982). The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The Magistrate Judge recommended the claims against Defendants United States, N.J. Federal District, ten unidentified U.S. Marshals, Mood, Solars, and O'Neil be dismissed based on the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994)(holding if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.). (Report at 4-5). Additionally, the Magistrate Judge recommended Plaintiff's claims against Defendant Cannon regarding the law library be dismissed as Plaintiff has failed to allege a specific injury as required. *See Lewis v. Casey*, 518 U.S. 343 (1996)(holding plaintiff must allege actual injury resulting from allegedly inadequate jail library in order to state a claim under § 1983). (Report at 6-7). Finally, the Magistrate Judge recommended that Plaintiff's claims against Defendant Warden MacKey regarding prison conditions be dismissed as too conclusory and for failure to show any injury. (Report at 9).[1]

The court has carefully reviewed Plaintiff's objections and finds that many of his

---

[1] As noted by the Magistrate Judge, the correct spelling of this Defendant's last name is McKie.

2

objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims. The court, however, was able to glean one objection.

In his objections, Plaintiff contends that the Magistrate Judge failed to properly construe his pro se pleadings. (Dkt. # 34 - Objections at 1). The court is mindful that Plaintiff is proceeding pro se and is entitled to some deference. *Cruz v. Betow,* 405 U.S. 319 (1972) (stating that courts are charged with liberally construing complaints filed by pro se litigants to allow the development of a meritorious case). Liberal construction, however, does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a cognizable claim. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387, 390–391 (4th Cir.1990). While Plaintiff alleges a conspiracy spanning numerous years which resulted in his imprisonment, his claims are barred by *Heck*. Under *Heck*, "in order to recover damages under § 1983 for an allegedly unconstitutional conviction or imprisonment, Plaintiff must prove that his conviction or sentence has been reversed on direct appeal, expunged, or otherwise declared invalid. 512 U.S. at 486-87. As Plaintiff has not shown his convictions or sentence have been in any way overturned or invalidated, his claims of conspiracy are barred. Plaintiff's objections provide no basis for this court to deviate from the Magistrate Judge's recommended disposition.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court finds Plaintiff's objections are without merit. Accordingly, the court adopts the Report and incorporates it herein. It is therefore **ORDERED** that the Complaint is **DISMISSED** with prejudice and Plaintiff's Motion to Appoint Counsel (Dkt. # 37) is denied as **MOOT**. It is further ordered that this dismissal constitutes a strike pursuant to section 1915(g). *See McLean v. United States*, 566 F.3d 391, 399–400 (4th Cir. 2009) (noting that a dismissal for frivolousness that is rendered

3

without prejudice may permit a strike designation).

**IT IS SO ORDERED.**

                                                      s/Timothy M. Cain
                                                     United States District Judge

November 10, 2011
Greenville, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.